McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962
(973) 565-2033
(973) 425-0161
Attorneys for Plaintiff
Metropolitan Life Insurance Company

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>     Plaintiff,<br><br> v.<br><br>PRISCILLA SCHMEELK; MATHEW RICHARD SCHMEELK; ANDREW SCHMEELK; VIRGINIA NERICH a/k/a VIRGINIA SCHMEELK; MARRIE SCHMEELK; ELIZABETH SCHMEELK; STEPHEN SCHMEELK and MICHAEL SCHMEELK,<br><br>     Defendants. | Civil Action No.: |

### CIVIL ACTION – COMPLAINT IN INTERPLEADER

Plaintiff, Metropolitan Life Insurance Company ("MetLife"), by and through its counsel McElroy, Deutsch, Mulvaney & Carpenter, LLP, hereby files its complaint in interpleader and states as follows:

**PARTIES**

1. Interpleader Plaintiff MetLife is a corporation organized and existing under and by virtue of the laws of the State of New York, with its principal place of business in New York, New York. MetLife is domiciled in and is a citizen of the State of New York within the meaning and intent of 28 U.S.C. § 1332 and § 1335.

2. Defendant Priscilla Schmeelk was the wife of Richard Schmeelk, deceased (the "Decedent"), and she resides in Lawrence, New York. She is a citizen of the State of New York within the meaning and intent of 28 U.S.C. § 1332 and § 1335.

3. Defendant, Mathew Richard Schmeelk ("Mathew Schmeelk") is the son of Decedent, and he resides in New York, NY. He is a citizen of the State of New York within the meaning and intent of 28 U.S.C. § 1332 and § 1335.

4. Defendant, Andrew Schmeelk ("Andrew Schmeelk") is the son of Decedent, and he resides in New York, NY. He is a citizen of the State of New York within the meaning and intent of 28 U.S.C. § 1332 and § 1335.

5. Defendant, Elizabeth Schmeelk is the daughter of Decedent, and she resides in New York, NY. She is a citizen of the State of New York within the meaning and intent of 28 U.S.C. § 1332 and § 1335.

6. Defendant, Virginia Nerich a/k/a Virginia Schmeelk ("Virginia Schmeelk") is the daughter of Decedent, and she resides in Lawrence, NY. She is a citizen of the State of New York within the meaning and intent of 28 U.S.C. § 1332 and § 1335.

7. Defendant, Marrie Schmeelk is the daughter of Decedent, and she resides in Lawrence, New York. She is a citizen of the State of New York within the meaning and intent of 28 U.S.C. § 1332 and § 1335.

8. Defendant, Stephen Schmeelk is the son of Decedent, and he resides in Boca Raton, FL.  He is a citizen of the State of Florida within the meaning and intent of 28 U.S.C. § 1332 and § 1335.

9. Defendant, Michael Schmeelk ("Michael Schmeelk") is the son of Decedent, and he resides in Sag Harbor, NY.  He is a citizen of the State of New York within the meaning and intent of 28 U.S.C. § 1332 and § 1335.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335 given this is an interpleader action; the amount of money in controversy exceeds five hundred dollars ($500.00); and at least two or more of the adverse claimants are of diverse citizenship within the meaning and intent of 28 U.S.C. § 1332 and § 1335.

11. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1397 and 28 U.S.C. § 1391(b) in that at least one of the defendants/competing claimants resides in this judicial district.

## CLAIM FOR INTERPLEADER

12. On or around April 14, 2004, Decedent applied for a Flexible Premium Adjustable Life Insurance Policy.  On the application, Decedent named as his beneficiaries:

| | | |
|---|---|---|
| Mathew Richard Schmeelk | Son | 15% |
| Andrew Christian Schmeelk | Son | 15% |
| Elizabeth Schmeelk | Daughter | 14% |
| Virginia Nerich | Daughter | 14% |
| Marrie Schmeelk | Daughter | 14% |
| Stephen Schmeelk | Son | 14% |

        Michael Schmeelk      Son      14%[1]

13.    In accordance with the application, MetLife issued Flexible Premium Adjustable Life Policy number 75,494,775 with a Face Amount of $3,200,000 and a Policy Date of April 14, 2004 (the "Policy"). The Policy provides, with respect to naming beneficiaries, as follows:

> The beneficiary is the person or persons to whom the insurance proceeds are payable when the insured dies. You may name a contingent beneficiary to become the beneficiary if all the beneficiaries die while the insured is alive. If no beneficiary or contingent beneficiary is named, or if none is alive when the insured dies, the owner (or the owner's estate) will be the beneficiary. While the insured is alive, the owner may change any beneficiary or contingent beneficiary.
>
> If more than one beneficiary is alive when the insured dies, we will pay them in equal shares, unless you have chosen otherwise.

14.    On June 22, 2004, Decedent signed a receipt for Policy delivery.

15.    Thereafter, on August 24, 2004, Decedent signed an Application Amendment. The Application Amendment does not address who Decedent named as his beneficiaries.

16.    Decedent died on May 19, 2022. Decedent did not change his beneficiary while he was alive.

17.    On or around June 15, 2022, Jonathan Anderson, Decedent's personal accountant, called MetLife, advised of Decedent's death, and sought claim forms with respect to this Policy and another policy of insurance insuring Decedent's life.

18.    In response to Mr. Anderson's request, MetLife sent claim kits to Mr. Anderson, to be completed by all of the beneficiaries with respect to both policies and returned to MetLife.

19.    MetLife received a June 24, 2022 letter from Mr. Anderson enclosing claim forms and Decedent's Death Certificate. The June 23, 2022, claim form seeking the life insurance benefits payable under the Policy sought that the benefits be paid to Priscilla Schmeelk.

---

[1] The application also included the Social Security numbers and dates of birth for each of the named beneficiaries.

20. By separate letters dated July 11, 2022, MetLife advised Priscilla Schmeelk and Mr. Anderson that Priscilla was not the Decedent's named beneficiary with respect to the Policy. The letter addressed to Ms. Schmeelk identified Decedent's named beneficiaries as: Mathew Schmeelk, Andrew Schmeelk, Elizabeth Schmeelk, Virginia Nerich, Marrie Schmeelk, Stephen Schmeelk and Michael Schmeelk.

21. On July 21, 2022, Mr. Anderson, Judith Kassel, Esq. and Madison Grant, Esq called MetLife, told MetLife that there was a dispute as to the payee of the claim, and requested that MetLife "hold off claim payments."

22. By letter dated July 27, 2022, Ms. Kassel stated that the "listing of Mr. Schmeelk's seven children as the primary beneficiaries of the policy is mistaken, and instead only Mrs. [Priscilla] Schmeelk should be listed as the primary beneficiary." The letter stated that she was "providing MetLife with further notice that Mrs. [Priscilla] Schmeelk disputes the beneficiary designation MetLife has on file, which was made in error." She asked that no benefits be paid "until this dispute is resolved."

23. Thereafter, by email dated August 23, 2022, Christopher C. Loeber, Esq. of Pryor Cashman, LLP notified MetLife that he also was counsel for Priscilla Schmeelk and that he had questions regarding the Policy.

24. In or around January, 2023, MetLife was advised by Mr. Loeber that Decedent's children had no knowledge of the Policy, and presumably, Mr. Anderson did not provide the claim forms to Decedent's children, the named beneficiaries.

25. By letter dated January 19, 2023, Pryor Cashman, LLP, stated, "Mrs. [Priscilla] Schmeelk was intended to be, but was mistakenly not recognized as, the primary beneficiary under MetLife Policy 775." Counsel for Mrs. Schmeelk included with the correspondence

affidavits and exhibits in support of their position that it was Decedent's intent that Priscilla Schmeelk be named as Decedent's beneficiary to receive the life insurance benefits payable under the Policy as a consequence of Decedent's death.

26. MetLife cannot determine whether a Court would determine that the Decedent's beneficiary designation on his application for the Policy dated April 14, 2004, is valid and enforceable or whether Priscilla Schmeelk's position with respect to Decedent's intent and/or a possible mistake would control.

27. If a Court determines that the beneficiary designation on Decedent's application dated April 14, 2004, is valid and enforceable, the life insurance benefits payable under the Policy would be paid to Decedent's children in accordance with Decedent's application for insurance.

28. If a Court was to determine that the beneficiary designations on the application for the Policy were invalid or unenforceable, and the product of a mistake and/or were not in accordance with Decedent's intent, then the life insurance benefits would be paid to Priscilla Schmeelk.

29. As a mere stakeholder, MetLife makes no claim to the life insurance benefits payable under the Policy, other than payment of its reasonable attorneys' fees, costs and disbursements in connection with this action. MetLife therefore respectfully requests that this Court determine to whom the life insurance benefits should be paid.

30. MetLife is ready, willing and able to pay the life insurance benefits to whichever defendant or defendants the Court shall designate.

31. MetLife will deposit into the Disputed Ownership Fund the life insurance benefits payable under the Policy for disbursement in accordance with an order of this Court.

WHEREFORE, MetLife demands judgment as follows:

A. MetLife be provided with interpleader relief and the Defendants settle among themselves their respective rights to the life insurance benefits payable under the Policy as a consequence of Decedent's death;

B. MetLife be permitted to pay the life insurance benefits payable under the Policy as a consequence of Decedent's death into the Disputed Ownership Fund of the Court;

C. Defendants each be restrained from initiating any other action against MetLife for recovery of the life insurance benefits payable under the Policy as a consequence of Decedent's death or any part thereof;

D. MetLife be found to have no further liability beyond those monies deposited into the Disputed Ownership Fund of this Court, which represents the life insurance benefits payable under the Policy as a consequence of Decedent's death;

E. MetLife be discharged and dismissed with prejudice from this case; and

F. The Court award such other and further relief, including attorneys' fees and costs, to which MetLife is entitled in law or equity, as this Court deems just and proper.

Dated: February 10, 2023

McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
Attorneys for Plaintiff
Metropolitan Life Insurance Company

By: */s/Randi F. Knepper*
     Randi F. Knepper

4740645_1